UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MVP DISC SPORTS LLC ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NINGBO YIKUN SPORTS CULTURE ) <br> COMMUNICATION CO. LTD. ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) <br> ) | Civil Action No.: 2:25-cv-11862 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, MVP DISC SPORTS, LLC ("MVP"), by its undersigned attorneys, alleges the following for its Complaint against Defendant Ningbo Yikun Sports Culture Communication Co., Ltd ("Yikun" or "Defendant"):

## Parties

1. MVP LLC is a limited liability company existing under the laws of the state of Michigan and has a registered address in Ortonville, MI.

2. Defendant, Ningbo Yikun Sports Culture Communication Co., Ltd. is a company located in China. Defendant has a registered address at Shanlin Development Zone, Datong Village, Xinqi, Development Zone, Ningbo City, Zhejiang Province, China, 315800.

1

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent laws of the United States (Title 35 of the United States Code).

4. This Court has personal jurisdiction over Defendant because Defendant purposefully availed itself to the privilege of conducting activities in Michigan by, *inter alia*, committing acts of patent infringement in this judicial district. Defendant has conducted and continues to conduct business in this judicial district and its activities are the basis for the allegations of patent infringement in this matter. The exercise of jurisdiction is reasonable and does not violate traditional notions of fair play and substantial justice.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c) because Defendant is not resident in the United States and may be sued in any judicial district.

## Technological Background

6. Disc golf is a sport like traditional golf, but instead of using a ball and clubs, players use flying discs. Disc golf is increasing in popularity. Flying discs and typically comprise one- or two-piece articles including a central plate portion and a ring portion that may be integral with or separately coupled to the central plate portion.

7. Three scientific concepts may be used to describe flight performance of a flying disc: aerodynamics, linear momentum, and angular momentum. Aerodynamics of a flying disc are influenced by the shape of the disc's profile, which changes how air flows around surfaces of the disc as it is in motion. Linear momentum is primarily influenced by an initial velocity of the disc coupled with the mass of the disc. Angular momentum may be determined by inertia, and by angular velocity, which is determined by the ability of a thrower of the disc to exert torque on the disc.

8. MVP is an industry leader in designing and making flying discs. MVP has spent considerable effort in the development of its flying discs. MVP makes and sells flying discs that have one or more of the following: a) a ring with a higher specific gravity than that of a hub to which the ring is coupled to modify flight performance of the disc; b) a weighted flying disc having a ring coupled to a hub so as to provide improved finger and thumb gripping; and/or c) a relatively simple design, economical manufacture and assembly, rugged, durable, reliable, and in service has a long useful life.

9. MVP's flying discs are well recognized in the industry and MVP enjoys considerable commercial success in connection with its flying discs of the type described by its patent as identified herein.

10. The inventors patented their novel and nonobvious flying discs.

**MVP's U.S. Patent No. 9,731,216 B2**

11. MVP is the owner by assignment of U.S. Patent No. 9,731,216 B2 entitled "Flying Disc," hereafter "the '216 Patent," including the right to sue and recover for past infringements of the '216 Patent. A true and accurate copy of the '216 Patent is attached as Exhibit A.

12. The '216 patent was duly and lawfully issued on August 15, 2017 and remains in full force and effect.

13. In general, the '216 Patent is directed to a flying disc including a hub composed of polymeric material, a ring composed of polymeric material and coupled to the hub. The hub and the ring may have different specific gravities by being composed of different materials or by having a weighting product embedded therein, or a weighting product may be carried between the hub and the ring. While the brief description is provided in this paragraph, the specification, and the claims of the '216 patent identify what is described and claimed. (No claim construction is intended or implied, and the following paragraphs relating to the description are by way of introduction only.) This description is to very generally introduce certain components that may be included in the claimed invention and described in the specification.

14. Figure 1 of the '216 Patent shows an embodiment of flying disc which includes a hub (12) having a central axis (A), a ring (14), a flight plate (16) and disc

rim (17). In this embodiment, the disc rim that is disposed radially outwardly of the flight plate.

15. Claim 32 of the '216 Patent recites:

32. A flying disc, comprising:

a unitary, one-piece hub composed of polymeric material and including a central axis, a circular and unperforated flight plate extending in a direction transversely with respect to the central axis, and a hub rim depending from and extending generally transversely to the flight plate and immediately adjacent the periphery of the flight plate;

a circumferentially continuous ring composed of polymeric material, coupled to the hub rim, extending across substantially the transverse extent of the hub rim and in cross section extending radially outward of the hub rim, decreasing in axial extent as it extends radially outward and merging into a generally rounded radially outer periphery; and

wherein the ring includes an axially outer surface, an axially inner surface, a radially outer surface, and rounded portions between the radially outer surface and the axially inner and outer surfaces, and wherein the axially outer surface is excurvate over its entire length, and the axially inner surface is incurvate over its entire length; and wherein the hub and the ring are constructed by molding.

## The Accused Products

16. Defendant makes, uses, offers for sale, sells and/or imports flying discs into the United States that infringe claims of the '216 Patent.

17. For example, Defendant makes, uses, offers for sale, sells, and/or imports flying discs under the model names Twin Swords, Meteor Hammer and

5

Tomahawk. These models all share common characteristics with respect to the infringement of the '216 Patent. Other of Defendant's models may also infringe.

18. Defendant's Tomahawk product is shown:



19. A sectional view of the Tomahawk is also shown:



## Count I — Direct Infringement of the '216 Patent

20. MVP repeats and realleges the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

21. Defendant's Twin Swords, Meteor Hammer and Tomahawk are flying discs as claimed in the '216 patent. Only the Tomahawk model is detailed below, because each of the Twin Swords, Meteor Hammer and Tomahawk models share common characteristics with respect to the infringement of the '216 Patent.

22. Defendant's Tomahawk flying disc includes all the elements of claims of the '216 including, but not necessarily limited to claim 32.

| '216 Patent Claim 32 | Defendant's Tomahawk Flying Disc |
|---|---|
| 32. A flying disc, comprising: | |
| unitary, one-piece hub composed of polymeric material and including a central axis, | |

| | |
|---|---|
| a circular and unperforated flight plate extending in a direction transversely with respect to the central axis, and |  |
| a hub rim depending from and extending generally transversely to the flight plate and immediately adjacent the periphery of the flight plate; . |  |
| a circumferentially continuous ring composed of polymeric material, coupled to the hub rim, extending across substantially the transverse extent of the hub rim and in cross section extending radially outward of the hub rim, . |  |

8

| | |
|---|---|
| decreasing in axial extent as it extends radially outward and merging into a generally rounded radially outer periphery; and |  |
| wherein the ring includes an axially outer surface, an axially inner surface, a radially outer surface, and rounded portions between the radially outer surface and the axially inner and outer surfaces, and wherein the axially outer surface is excurvate over its entire length, and the axially inner surface is incurvate over its entire length; and wherein the hub and the ring are constructed by molding |  |

9

23. Defendant has directly infringed, and continues to directly infringe, at least claim 32 of the '216 Patent in violation of 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, importing, offering to sell, and/or selling its accused discs, and will continue to infringe unless enjoined by this Court.

24. Defendant is and has been aware that the accused discs infringe at least one claim of the '216 Patent since at least the time that MVP put Defendant on notice that its Twin Swords, Meteor Hammer, and Tomahawk discs infringe claim 32 of the '216 patent.

25. Defendant's infringing conduct has caused, is causing, and will continue to cause irreparable injury to MVP unless such infringing conduct is enjoined by this Court.

26. Defendant knowingly and intentionally infringed and continues to infringe at least one claim of the '216 Patent, by virtue of its prior knowledge of the '216 patent and MVP's claim of infringement.

**RELIEF REQUESTED**

WHEREFORE, MVP respectfully requests that this Court enter a judgment that:

A. Finds Defendant has directly infringed, and are directly infringing, one or more claims of the '216 Patent;

B. Awards MVP damages adequate to compensate for Defendant's infringement of the '216 Patent under 35 U.S.C. § 284 of not less than a reasonable royalty and increases those damages up to three times;

C. Finds this case exceptional as set forth in 35 U.S.C. § 285;

D. Awards MVP its attorneys' fees;

E. Orders Defendant and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with Defendant, be preliminarily and permanently enjoined from infringing the '216 Patent pursuant 35 U.S.C. § 283;

F. Awards MVP costs, pre-judgment, and post-judgment interest at the maximum allowable rate; and

G. Awards MVP such further relief as the Court deems just and proper.

Respectfully submitted,

Dated: June 20, 2025

By: */s/ Richard W. Hoffmann*
RICHARD W. HOFFMANN (P42352)
Reising Ethington PC
755 W. Big Beaver Road, Suite 1850
Troy, Michigan 48084
Telephone: (248) 689-3500
E-mail: hoffmann@reising.com

*Attorneys for MVP Disc Sports LLC*

## **JURY TRIAL DEMANDED**

MVP demands a jury trial on all issues so triable.

                                                 Respectfully submitted,

Dated: June 20, 2025         By: */s/ Richard W. Hoffmann*
                                           RICHARD W. HOFFMANN (P42352)
                                           Reising Ethington P.C.
                                           755 W. Big Beaver Road, Suite 1850
                                           Troy, Michigan 48084
                                           Telephone: (248) 689-3500
                                           E-mail: hoffmann@reising.com

                                           *Attorneys for MVP Disc Sports LLC*